UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AXIAL GROUP, LLC,
                            Plaintiff,

-v-

ZACHERT PRIVATE EQUITY GMBH,
*et al.*,
                            Defendants.

21-CV-7323 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Axial Group LLC ("Axial") filed the operative complaint in this matter on September 13, 2021,[1] alleging breach of contract, unjust enrichment and fraudulent misrepresentation, and additionally seeking attorney's fees and costs. (*See* ECF No. 8, "Compl.".) Pending before the Court is Axial's motion for default judgment (ECF No. 39) and Defendants' opposition, which the Court construes as a motion to set aside an entry of default under Rule 55(c) of the Federal Rules of Civil Procedure. For the following reasons, Axial's motion for default judgment is granted.

**I.    Background**

    **A.    Substantive Claims**[2]

The claims here concern a transaction that occurred on Axial's members-only online platform, where buyers of businesses gain access to potential business acquisition opportunities. (Compl. ¶ 1.) Axial's membership agreement and terms of service (together, the "Axial Agreement") specify that when a user of its platform consummates a deal first introduced or

---

[1] The operative complaint is the amended complaint; Plaintiffs commenced this action on September 1, 2021.

[2] These background facts are taken from the operative complaint.

identified through Axial's platform, the user must disclose the deal to Axial and pay Axial a "success fee" of a certain percentage of the deal. (Compl. ¶¶ 7 – 8.) Under the Axial Agreement, failure to abide by these terms results in liquidated damages equal to two times the success fee, plus interest and costs of collection including attorney's fees. (Compl. ¶¶ 9 – 10.)

Defendants Zachert Private Equity GmbH ("Zachert Private Equity") and Olaf Zachert ("Zachert") (collectively, "Defendants") used Axial's platform and agreed to the Axial Agreement. (Compl. ¶¶ 2.) On September 24, 2020, Zachert acquired Brands Within Reach, LLC ("BWR") but failed to alert Axial or pay the success fee. (Compl. ¶ 11.) After Axial's independent discovery of this deal, Zachert sent Axial a doctored email purporting to show timely notice of the deal with BWR. (Compl. ¶¶ 12 – 14.) In this action, Axial seeks the success fee, the penalty fee as laid out in the Axial Agreement, and payment of costs and fees.

B. **Procedural History**

Defendants waived service on September 13, 2021. (ECF No. 9.) On October 22, 2021, Defendants' then-attorney moved to withdraw as counsel due to "irreconcilable disagreement" and to substitute new counsel. That motion was granted. (ECF Nos. 10, 14 – 15.) Defendants filed a timely answer on December 13, 2021. (ECF Nos. 9, 16.) Defendants moved to file an amended answer on March 2, 2022, and shortly thereafter on March 16, 2022, Defendants' second set of counsel also moved to withdraw as counsel due to "irreconcilable disagreement" and nonpayment of fees. (ECF Nos. 24, 28.) When the Court granted Defendants' counsel's request to withdraw, it ordered Zachert Private Equity to have new counsel appear within 30 days, and Olaf Zachert to notify the court within 30 days if he wished to proceed *pro se*, or to otherwise also have new counsel appear within 30 days. (ECF No. 29.) This order was served on Defendants in a timely manner. (ECF No. 31.)

New counsel did not appear, nor did Olaf Zachert inform the Court that he wished to proceed *pro se*. Axial moved for default judgment on June 24, 2022, after obtaining a Clerk's Certificate of Default. (ECF No. 39.) Axial served its motion for default judgment on Defendants on October 20, 2022, and the Court gave Defendants until November 4, 2022 to respond to the motion for default judgment or have it be considered unopposed. (ECF Nos. 43 – 45.) On November 4, new counsel for Zachert appeared and filed an opposition to the motion for default judgment. (ECF Nos. 46 – 49.)

**II.     Legal Standard**

Once a party is in default, an opposition to a motion for default judgment is treated as a motion to set aside an entry of default under Rule 55(c) of the Federal Rules of Civil Procedure. *Iconic Talent LLC v. Burlington Ins. Co.*, No. 20 CV 4240 (JPO), 2020 WL 8509848, at *1 (S.D.N.Y. Dec. 17, 2020) (citations omitted). That motion may be granted "for good cause." Fed. R. Civ. P. 55(c).

When determining whether there is "good cause" to vacate an entry of default under Rule 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) the level of prejudice that the non-defaulting party might suffer should relief be granted. *W.B. David & Co. v. De Beers Centenary AG*, 507 F. App'x 67, 69 (2d Cir. 2013) (citation omitted). Guiding this analysis is the Second Circuit's "strong preference for resolving disputes on the merits." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (citation omitted). Because "default judgment is the most severe sanction which the court may apply," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005), it is "generally disfavored and [] reserved for rare occasions." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004).

To that end, "all doubts must be resolved in favor of the party seeking relief from the [default]." *Green*, 420 F.3d at 104.

### III. Discussion

#### A. Willfulness

In the context of the default judgment analysis, willfulness "refer[s] to conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Default may be considered "willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id.* "A default should not be set aside when it is found to be willful." *Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 507 (2d Cir. 1991).

Defendants contend that their default was not willful because they obtained new counsel and responded in November 2022. Notably, this was long after Zachert defaulted and only after Axial had moved for default judgment and served notice. Yet there is no dispute that this Court's order at ECF No. 29, directing both Defendants to obtain new counsel and warning Defendants of the possibility of default if new counsel did not appear, was served on Defendants.

Defendants offer no explanation for this failure to obtain counsel or otherwise contact the Court after its March 2022 order. "[D]isregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'" *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) (upholding a district court's entry of default after a party "willfully disregarded" the district court's order to appear through counsel.) (quoting *Shapiro, Bernstein & Co. v. Continental Record Co*., 386 F.2d 426, 427 (2 Cir.1967) (per curiam)). Accordingly, the Court concludes that Defendants' default was willful. This alone weighs strongly against setting aside Defendants' default. *See Am. All. Ins. Co. v. Eagle Ins. Co*., 92 F.3d 57, 61 (2d Cir. 1996)

4

("Although courts have an interest in expediting litigation, abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct.")

**B.     Merits**

"In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *McNulty*, 137 F.3d at 740 (citation and internal quotation marks omitted). Defaulting defendants must "present more than conclusory denials when attempting to show the existence of a meritorious defense." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001).

Notably, Defendants' opposition to default judgment briefing concedes the failure to disclose the deal obtained through Axial's platform to Axial as required, as well as the failure to timely pay the success fee. Having conceded Axial's *prima facie* case, Zachert can only hope to prevail by providing evidence supporting any applicable defenses.

Defendants offer four defenses they contend are meritorious: (1) that the success fee cannot be owed because the passage of time has shown the value of the deal to in fact be zero; (2) that the Axial Agreement precludes a claim for unjust enrichment; (3) that Axial cannot show it detrimentally relied on the alleged fraudulent email and (4) that the non-disclosure fee is an unenforceable penalty as a matter of law.

Defendants' first 'meritorious defense' is unpersuasive because the unambiguous language of the operative contract, the Axial Agreement, clearly states that the success fee is assessed at the time of the deal, not with the benefit of years of hindsight. This argument is also, at bottom, an inappropriate attempt by the Defendants to benefit from their default. Their second 'meritorious defense' regarding unjust enrichment is inapposite. If there is a valid contract,

unjust enrichment might indeed be moot, yet if there is not a valid contract, then Defendants' argument would not apply. Their third argument is irrelevant to the relief that Axial seeks, as Axial does not seek extra damages for its claim of misrepresentation. Finally, as to Defendants' fourth argument, even if the Court were to agree, this argument would grant Defendants respite from only part of the damages that Axial seeks. This argument is also a matter of law that has not been fully briefed. But as all doubts must be resolved in favor of the defaulting party, the Court cannot at this time conclude that this argument has no chance of success. This lone argument therefore weighs slightly in favor of setting aside the default as to the 'penalty' portion of damages.

### C. Prejudice

Finally, Defendants' opposition itself explains why their default has prejudiced Axial. Defendants rely heavily on the fact that the value of the transaction at issue, over time, has decreased to zero. Defendants' argument is, essentially, evidence that the default and accompanying delay has prejudiced Axial's ability to recoup. Axial also alleges that Defendants' default will also necessarily increase the difficulty of gathering evidence and has caused Axial to expend costs litigating the default it would not otherwise have spent.

The weight of the three factors militates against setting aside Defendants' default, particularly given Defendants' failure to offer any explanation for not complying with this Court's order.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is granted, and default judgment as to breach of contract, unjust enrichment, and misrepresentation shall be entered against defendants Olaf Zachert and Zachert Private Equity GMBH.

Judgment shall be entered as follows:  Olaf Zachert and Zachert Private Equity GMBH (Defendants), are jointly and severally liable to pay Axial Group LLC  $750,000 in actual damages for breach of contract, unjust enrichment, and misrepresentation.  Defendants shall also pay Axial's costs and attorney's fees.  If the parties cannot reach an agreement regarding fees and costs, Axial shall file an application with supporting records within 30 days.  The Court will retain jurisdiction to decide the matter of fees and costs, notwithstanding the closing of this case.

The Clerk of Court is directed to close the motions at Docket Number 39 and at Docket Number 24, which is denied as moot, to enter judgment according to the foregoing, and to close this case.

SO ORDERED.

Dated: March 20, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge