UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AXIAL GROUP, LLC,
        Petitioner and Judgment Creditor,

        -v-

ZACHERT PRIVATE EQUITY GMBH,
*et al.*,
        Respondents and Judgment Debtors.

21-CV-7323 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Pending before the Court id a motion by Petitioner and Judgment Creditor Axial Group, LLC ("Petitioner") for an order (i) compelling Respondents and Judgment Debtors Zachert Private Equity GmbH and Olaf Zachert (the "Judgment Debtors") to answer Petitioner's June 21, 2023 information subpoena with restraining notice; (ii) holding Judgment Debtors in contempt; (iii) assessing compensatory and coercive daily fines until the Judgment Debtors respond fulsomely to the subpoena; and (iv) awarding Petitioner's additional attorney's fees and expenses incurred in connection with its motion.  (ECF No. 61.)

## I.     Background

On March 20, 2023, the Court granted a default judgment against the Judgment Debtors for $750,000.00, plus Petitioner's costs and attorney's fees.  (ECF No. 52; ECF No. 53.)  On June 21, 2023, Petitioner served an information subpoena and restraining order upon the Judgment Debtors.  (ECF No. 61-1.)

Subsequently, Petitioner and the Judgment Debtors entered a settlement agreement whereby the Judgment Debtors agreed to pay $480,000.00.  However, Judgment Debtors failed to make the payment.  By the terms of the settlement agreement, as a result of the uncured default, Judgment Debtors had until September 8, 2023 to respond to the information subpoena.

1

(ECF No. 61 at 2; ECF No. 61-2.)  The Judgment Debtors also failed to respond to the information subpoena. (ECF No. 61 at 2.)  Petitioner repeatedly requested that Judgment Debtors comply with the information subpoena.  (ECF No. 61 at 2, 4.)

On September 19, 2023, Petitioner filed a letter motion to compel compliance and for sanctions.  (ECF No. 61.)  On September 21, 2023, Petitioner served the letter motion upon Judgment Debtor by email, and on October 20, 2023, Petitioner served the same via United States First Class Mail to the last known address for Judgment Debtors.  (ECF No. 62.) Judgment Debtors have filed no response to Petitioner's motion and have not disputed the facts stated above.

Nine months after the Court entered judgment, Petitioner is still waiting to recover $750,000, plus attorney's fees and costs, from Judgment Debtors.

## II.    Legal Standard

Rule 69(a)(2) of the Federal Rules of Civil Procedure provides:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Federal Rule of Civil Procedure Rule 45(g) provides:

> The court for the district where compliance is required...may hold in contempt a person, who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

"[A] sanction imposed on a party held in civil contempt generally may serve either or both of two purposes: to coerce the contemnor into complying in the future with the court's order, or to compensate the complainant for losses resulting from the contemnor's past noncompliance.  When the purpose is compensatory, the order should be fashioned so as to reimburse the injured party for his actual damages.  When, however, the purpose is coercive, the

district court has broad discretion to design a remedy that will bring about compliance." *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 56 (2d Cir. 1982) (internal citations omitted).

Coercive fines payable to the Court should be based upon several factors, "including the character and magnitude of the harm threatened by continued contumacy, . . . the probable effectiveness of any suggested sanction in bringing about compliance, and the amount of the contemnor's financial resources and the consequent seriousness of the burden to him." *Id.* at 57 (cleaned up and internal citations omitted).

With regard to compensatory fines, "[t]he district court in either case may award appropriate attorney fees and costs to a victim of contempt." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). "[W]hile willfulness may not necessarily be a prerequisite to an award of fees and costs, a finding of willfulness strongly supports granting them." *Id.*

To evaluate attorney's fees, courts in this district apply the lodestar method, by which a reasonable hourly rate is multiplied by a reasonable number of hours required by a case. *See Millea v. Metro-North R.R.*, 658 F.3d 154, 166–67 (2d. Cir. 2011). The movant bears the burden of establishing the "reasonableness and necessity of hours spent and rates charged." *Finkel v. Omega Commc'n Servs.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citing *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1153 (2d Cir. 1983)).

## III.  Discussion

Applying Rule 45(g), the Court holds Judgment Debtors in contempt for their failure to comply with Petitioner's June 21, 2023 information subpoena. After receiving the subpoena, the Judgment Debtors negotiated with Petitioner a post-judgment settlement. But the Judgment Debtors subsequently failed to comply with the agreement, including the extension to September 8, 2023 to respond to the subpoena. Judgment Debtors offer no excuse. The Court infers from

this behavior that the Judgment Debtors disobeyed the subpoena as part of a larger dilatory tactic to avoid the judgment.  The Court holds Judgment Debtors in contempt for their failure to respond to the information subpoena and compels Judgment Debtors to respond to it by Friday, December 29, 2023.

Applying the *Perfect Fit* factors, the Court further orders Judgment Debtors to pay a coercive fine, to aid them in seeing the necessity of complying with the subpoena. The Judgment Debtors' continued refusal to comply threatens Petitioner's ability to collect on its $750,000 judgment.  A coercive fine measurable in money is well suited to bring about the compliance of Judgment Debtors, who are financiers working in private equity. The Court finds that a coercive fine of $1,000 per day from November 29, 2023 until the sooner of December 29, 2023 or the date Judgment Debtors respond to the subpoena is in order.  Beginning December 30, 2023, the coercive fine will increase to $2,500 per day until the Judgment Debtors respond to the subpoena.

In addition, the Court orders Judgment Debtors to pay the attorney fees and costs Petitioner.  Here, the Judgment Debtors' behavior—their active negotiation, followed by a failure to respond as expressly promised by the delayed subpoena due date, or at all—is more than an inexcusable carelessness.

IV.    **CONCLUSION**

For the reasons given above, it is hereby:

ORDERED that Judgment Debtors Zachert Private Equity GmbH and Olaf Zachert are in contempt of court;

4

FURTHER ORDERED that Judgment Debtors Zachert Private Equity GmbH and Olaf Zachert shall respond to the June 11, 2023 information subpoena on or before Friday, December 29, 2023;

FURTHER ORDERED that Judgment Debtors Zachert Private Equity GmbH and Olaf Zachert shall pay the Clerk of Court a coercive fine of $1,000 per day, from November 29, 2023 until the sooner of December 29, 2023 or the date they respond to the June 11, 2023 information subpoena; and that beginning December 30, 2023, if Judgment Debtors have not responded, the coercive fine will increase to $2,500 per day until they so respond; and

FURTHER ORDERED that, by December 29, 2023, counsel for Petitioner shall submit a detailed description of their work, fees, and hours, and of any reasonable costs related to the instant motion to compel.

SO ORDERED.

Dated:  November 21, 2023
        New York, New York

_____
                J. PAUL OETKEN
            United States District Judge